DUNCAN G. McCULLY, ESQ.
McCULLY & BEGGS, P.C.
Suite 200, 139 Murray Blvd.
Hagatna, Guam 96910
Tel: 671-477-7418
Fax: 671-472-1201
e-mail: mblaw@kuentos.guam.net
Attorneys for Defendant
BTC 97 SP, LLC



FILED
DISTRICT COURT OF GUAM
JAN 0 2 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM
TERRITORY OF GUAM

GUAM TUMON COMPANY, LLC,
a Guam limited liability company, JAE
SEUNG PARK, an individual, CENTRAL
MILLS SUPPLY, LTD., a Korean
Corporation, MICHAEL LEE, an individual
dba Global Realty,

Plaintiffs,

v.

BTC 97 SP, LLC, a Delaware limited
liability company, DOES 1-10, real parties
in interest,

Defendants.

CIVIL CASE NO. 03-00043

**DEFENDANT'S ANSWER
AND COUNTERCLAIM**

COMES NOW the Defendant BTC 97 SP, LLC, a Delaware Limited Liability Company and for its answer to the Plaintiff's Complaint and states as follows:

1. The Defendant has no information with which to affirm or deny the allegations of paragraphs 1, 2, 3, and 5 and therefore denies the same.

2. The Defendant admits the allegations of paragraphs 4, 6, 7 and 38.

3. The Defendant denies the allegations of paragraphs 8, 26, 27, 28, 29, 30, 32, 34, 35, 36, 39, 40 and any other allegations of fact or law set forth in the Complaint which are not specifically and expressly admitted in this answer.

4. With regard to the allegations of paragraph 9, the Defendant admits that Bruce Morrison is the managing director of the Defendant BTC 97 SP, LLC and that in July of 2003, Plaintiff, Michael S. Lee (further referred to as "Lee") communicated to Mr. Morrison that he had a client who might be interested in purchasing the multi-unit apartment complex located in Upper Tumon, Guam and commonly known as the Tumon Village Apartments (further referred to as the "Property"). All other allegations set forth in paragraph 9 of Complaint are denied.

5. With regard to the allegations of paragraph 10, the Defendant admits that a copy of the Non-Exclusive Listing Agreement for the Property, executed by Mr. Morrison on behalf of the Defendant, is attached to the Complaint as Exhibit F. All other allegations of paragraph 10 of the Complaint are denied.

6. With regard to the allegations of paragraph 11, the Defendant admits that between July and October of 2003, Mr. Morrison had several discussions with Lee concerning the purchase and sale of the Property. The Defendant admits that during this period it received communications from the attorney for Lee and Jae Seung Park (further referred to as "Park") Robert P. Kutz, Esq. (further referred to as "Attorney Kutz"), concerning the purchase and sale of the Property. Defendant further admits that Mr.

Morrison received a letter from Attorney Kutz setting forth an offer from Park to purchase the Property for $3,300,000, which was "payable in lump sum within fifteen (15) business days of your client's acceptance of this offer". Defendant further admits that the offer was to purchase the Property "in 'as-is, where-is' condition without seller's warranty of any kind, except warranty and delivery of clear insurable title to the Property". All other allegations of paragraph 11 are denied. A copy of the November 4, 2003 letter from Attorney Kutz to Mr. Morrison was not attached to the Complaint.

7.  With regard to the allegations of paragraph 12, the Defendant admits that a copy of Mr. Morrison's letter to Park of November 4, 2003 is attached as Exhibit C. All other allegations of paragraph 12 are denied.

8.  With regard to the allegations of paragraph 13, the Defendant admits that an unsigned copy of Attorney Kutz's letter to Mr. Morrison of November 5, 2003 is attached to the Complaint as Exhibit D. All other allegations of paragraph 13 are denied.

9.  With regard to the allegations of paragraph 14, the Defendant admits that a copy of Mr. Morrison's letter to Park of November 7, 2003 is attached to the Complaint as Exhibit E. All other allegations of paragraph 14 denied.

10. With regard to the allegations of paragraph 15, the Defendant admits that Lee offered to reduce the commission agreed to in the Non-Exclusive Listing Agreement from 4% to $100,000 and that the Non-Exclusive Listing Agreement was modified accordingly. A copy is attached to the Complaint as Exhibit F.

11. With regard to the allegations of paragraph 16, the Defendant admits that a

copy of Mr. Morrison's letter to Park of November 19, 2003 is attached to the Complaint as Exhibit G. All other allegations of paragraph 16 are denied.

12. With regard to the allegations of paragraph 17, the Defendant admits that a copy of Park's letter of November 20, 2003 to Mr. Morrison is attached to the Complaint as Exhibit H. All other allegations in paragraph 17 are denied.

13. With regard to the allegations of paragraph 18, the Defendant admits that a copy of Mr. Morrison's letter of November 25, 2003 to Kyu Young Cho in Korea is attached as an unlabeled exhibit to the Complaint. All other allegations in paragraph 18 are denied.

14. The Defendant admits the allegations in paragraph 19.

15. With regard to the allegations of paragraph 20, the Defendant admits that the terms and conditions of the proposed Agreement of Sale were never agreed to by the Plaintiffs and the Defendant. All other allegations in paragraph 20 are denied.

16. With regard to the allegations of paragraph 21, the Defendant admits that certain limited portions of the e-mail correspondence between Andrew Weiner, Esq. and Attorney Kutz are set forth in that paragraph. Further, the Defendant admits that a copy of e-mail correspondence between Andrew Weiner and Attorney Kutz is attached as Exhibit J to the Complaint. All other allegations of paragraph 21 are denied.

17. With regard to the allegations of paragraph 22, the Defendant admits that a copy of an e-mail message from Andrew Weiner to Attorney Kutz is attached to the Complaint as Exhibit K. The Defendant denies that paragraph 22 accurately quotes

language from Exhibit K. All other allegations in paragraph 22 are denied.

18. With regard to the allegations of paragraph 23, the Defendant admits that a copy of a letter purportedly dated December 10, 2003 from Jae Seung Park to Mr. Morrison is attached to the Complaint as Exhibit L. The Defendant denies that the letter was transmitted on December 10, 2003. The Defendant further states that at the time Exhibit L was transmitted, Park was aware that the Defendant had terminated negotiations for the purchase and sale of the Property. All other allegations of paragraph 23 are denied.

19. With regard to the allegations of paragraph 24, the Defendant admits that a copy of Mr. Morrison's letter to Park of December 9, 2003 is attached as Exhibit M to the Complaint. All other allegations in paragraph 24 are denied.

## AFFIRMATIVE DEFENSES

20. The Complaint fails to state a claim on which relief can be granted.

21. Under Guam Rule of Professional Conduct 3.7(a), because Attorney Kutz will be a necessary witness, he is disqualified from acting as the attorney-of-record for the Plaintiffs.

22. The Plaintiff's claims are barred by Guam's Statute of Frauds.

23. The Plaintiff's claims are barred by the Parol Evidence Rule.

24. The Plaintiff is not entitled to any relief in equity because they have "unclean hands" as the Complaint was filed in bad faith, fraudulently and deceitfully with the sole purpose of interfering with the Defendant's sale and enjoyment of its property.

25. Because the loss allegedly sustained by the Plaintiffs may be fully satisfied by

a judgment for monetary damages, the Plaintiffs cannot obtain the equitable relief of specific performance or a constructive trust.

26. The Plaintiffs have abused the judicial process and are therefore not entitled to any relief under their complaint

27. The damages claimed by the Plaintiff in the Complaint are inconsistent with 20 G.C.A. §2207 which provides an exclusive remedy for the Plaintiff's claim for breach of a contract to purchase property.

28. The Plaintiff cannot obtain an order for specific performance or the imposition of a constructive trust on the Property because 20 G.C.A. 2207 limits the Plaintiff's remedies to the damages described in that section.

29. The Plaintiffs did not have the necessary business licenses required to file this civil action.

## COUNTERLCAIM AGAINST DEFENDANTS
## JAE SEUNG PARK AND MICHAEL LEE

COMES NOW the Defendant, BTC 97 SP, LLC and for its Counterclaim against Defendants Jae Sung Park and Michael Lee states as follows:

30. This court has jurisdiction over this Counterclaim by virtue of 28 U.S.C. 1332, as diversity exists between the parties.

31. The Defendant realleges those facts which it admitted in its answer set forth above.

32. The Plaintiff is the fee simple owner of the property described in Exhibit A

to this Counterclaim, (the "Property"). At all relevant times, Lee and Park knew that the Defendant was the owner of the Property.

33. In October, November and December, the parties discussed and attempted to negotiate a price and other terms for the sale of the Property. At all relevant times, Lee and Park were aware that an essential term of the sale for the Defendant was that the sale close before December 31, 2003. Similarly, at all relevant times, Lee and Park were aware that the Defendant would require that all sale terms be agreed to in a formal, written and comprehensive agreement and that the performance of Lee and Park could not be subject to any third-party consents or the happening of any other condition.

34. On November 24, 2003, the Defendant submitted to Park, through Attorney Kutz, a proposed agreement for the sale of the Property. On behalf of Park, Attorney Kutz raised numerous material objections and changes to the form of the agreement, two of which were (A) the sale be conditioned upon the transfer of the purchase price out of Korea being approved by the government of the Republic of Korea and (B) Park be allowed to extend the closing beyond December 31, 2003. Not all of Attorney Kutz's objections and requested changes were resolved or agreed to by the parties, including those identified at (A) and (B) above.

35. On December 4, 2003 (Guam time), Park was informed, through Attorney Kutz, that his proposed conditions of Korean government approval and the right to delay the closing were material changes to the general terms which had been previously discussed by the parties and were unacceptable to the Defendant.

36. On December 9, 2003 (Guam time), the Defendant communicated to Park by telephone and by facsimile that it had terminated negotiations with him for the purchase and sale of the Property. (See Exhibit M to the Complaint.)

37. On December 10, 2003 (Guam time), Park communicated to the Defendant his expectation that he could obtain his necessary Korean government approval before December 31, 2003. He also offered to enter into an agreement with the Defendant to close the sale of the Property by that date. (See Exhibit L to the Complaint.) The Defendant did not accept Park's new offer.

38. On December 12, 2003, the Defendant entered into a binding Agreement of Sale with a buyer ready, willing and able to purchase the Property. The Defendant and the buyer agreed to close the sale and for the purchase price to be paid in full on or before December 31, 2003. The new buyer deposited the full purchase price – in cash – into escrow before December 31, 2003.

39. On December 12, 2003, Lee and Park knew that Park had not entered into a final written and enforceable agreement with the Defendant for the purchase and sale of the Property.

40. On December 12, 2003, Lee and Park knew that, due to the issues raised by Mr. Kutz in negotiations, the Defendant had been negotiating in December of 2003 with third party buyers other than the Plaintiffs for the purchase and sale of the Property .

41. Lee and Park intentionally and wrongfully filed the Complaint in this action for the sole purpose of interfering with, disrupting and preventing the Defendant from

selling the Property to a third party.

42. On December 12, 2003, Lee and Park wrongfully and intentionally caused to be recorded at the Department of Land Management a Notice of Lis Pendens under Document No. 685289.

43. On December 12, 2003, Lee wrongfully caused a copy of the recorded Notice of Lis Pendens to be transmitted to Pacific American Title and Escrow Company with the specific intent of interfering with and stopping any agreed to sale of the Property by the Defendant.

## COUNT I
## INTERFERNCE WITH PERSPECTIVE ECONOMIC ADVANTAGE

44. BTC 97 SP, LLC realleges those allegations contained in paragraphs 30 through 44 above.

45. When Lee and Park filed this civil action and recorded and transmitted the Lis Pendens, they wrongfully intended to interfere with any contract or prospective contract between the Defendant and any third-party buyer for the Property.

46. As a direct result of Lee and Park's wrongful filing of this civil action and the recording and transmission of the Lis Pendens, the Defendant's contractual agreement to sell the Property to a third party buyer was disrupted. The Defendant was unable to complete the sale before December 31, 2003.

47. As a direct result of Lee and Park's intentional and wrongful acts, the Defendant has been damaged as it has been unable to sell the Property. The Defendant has

incurred damages in an amount to be proven at trial.

48. The wrongful acts of Lee and Park described above were intentional and malicious and the Defendant is entitled to an award of exemplary or punitive damages in the amount of $1,000,000.

## SLANDER OF TITLE

49. The Defendant realleges those allegations contained in paragraphs 30 through 48 above.

50. The Notice of Lis Pendens which Lee and Park wrongfully recorded and transmitted was an intentional, false and unprivileged disparagement of the Defendant's title to the Property.

51. The Complaint and the Lis Pendens falsely placed in doubt the Defendant's ownership of the Property.

52. The Defendant has demanded that Lee and Park remove the Lis Pendens from the record title to the Property. Lee and Park have refused to do so.

53. The Defendant has been damaged by Lee and Park's false and unprivileged disparagement of its title to the Property, as they have been unable to sell the same. The amount of the Defendant's damages are in excess of $3,000,000.

54. Lee and Park's slander of the Defendant's title to the Property was intentional and malicious. The Defendant is entitled to an award of exemplary or punitive damages in the amount of $1,000,000.

**WHEREFORE**, the Defendant BTC 97 SP, LLC prays for judgment against the Plaintiffs as follows:

1. For an order denying and dismissing the Plaintiff's Complaint.

2. For an award of damages against Lee and Park, jointly and severally, for an amount to be proven at trial.

3. For an award of punitive damages against Lee and Park, jointly and severally, in the amount of $1,000,000.

4. For an award of the costs and attorney fees incurred by BTC 97 SP, LLC in this action.

**McCULLY & BEGGS, P.C.**
Attorneys for the Defendant
BTC 97 SP, LLC

By: _____
**DUNCAN G. McCULLY**

Dated: 1/2/04