ROBERT P. KUTZ, ESQ.
LAW OFFICE OF ROBERT P. KUTZ
PO Box 7310, Agat, GU 96915
Tel.: (671) 789-2500
Fax: (671) 789-2503
Email: rpklaw@guam.net



IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| GUAM TUMON COMPANY, LLC, a Guam limited liability company, JAE SEUNG PARK, an individual, CENTRAL MILLS SUPPLY, LTD., a Korean Corporation, MICHAEL LEE, an individual dba Global Realty,<br><br>Plaintiffs and Counter-defendants,<br><br>vs.<br><br>BTC97SP, LLC, a Delaware limited liability company, DOES 1-10, real parties in interest,<br><br>Defendants and Counter-claimants. | CIVIL CASE NO. 03-00043<br><br>PLAINTIFFS' ANSWER TO COUNTERCLAIM. |

COMES NOW the Plaintiffs and Counter-defendants Jae Seung Park, an individual, Central Mills Supply, Ltd., a Korean Corporation, and Michael Lee, an individual dba Global Realty, and state as follows:

**Parties and Jurisdiction**

1.  The Plaintiffs and Counter-defendants admit the allegations of paragraphs 30, 31, 32 and 52.

-1-

2. The Plaintiffs and Counter-defendants deny the allegations of paragraphs 39, 41, 45, 47, 48, 50, 51, and 54.

3. The Plaintiffs and Counter-defendants are without sufficient information to admit or deny the allegations of the same, and on that ground, deny the allegations of paragraphs 38, 46 and 53.

4. With regard to the allegations of paragraph 33, Counter-defendants admit that in October, November and December, the parties discussed and negotiated a price and terms of sale of property. Except as so admitted, Defendants deny the remaining allegations of said paragraph 33.

5. With regard to the allegations of paragraph 34, Counter-defendants admit that on November 24, 2003, Counter-claimants' counsel submitted to Counter-defendants, through their counsel, a proposed formal agreement for the sale of the property. Counter-defendants further admit that, on behalf of Counter-defendants, counsel raised objections and concerns to the content of the document. Counter-defendants deny, however, that their proposed conditions affected the underlying sale transaction itself, but were rather proposed conditions of close of escrow of the offered and accepted transaction. Counter-defendants further admit that not all of Atty. Kutz' objections and requested changes were resolved or agreed by the parties.

6. With regard to the allegations of paragraph 35, Counter-defendants admit the allegations thereof, except that the communication received by Atty. Kutz was transmitted and received on December 3, 2003, rather than December 4, 2003 (Guam time).

7. With regard to the allegations of paragraph 36, Counter-defendants admit the allegations thereof, except that the communication by telephone and facsimile were made and received on December 10, 2003 (Guam time).

8. With regard to the allegations of paragraph 37, Counter-defendants admit that PARK communicated to Counter-claimants his expectation that government approvals could be obtained

Case 1:03-cv-00043    Document 7    Filed 01/26/2004    Page 2 of 4

before December 31; PARK also agreed to take any action necessary to assure the sellers the funds would be on hand and escrow closed before December 31, Counter-defendants deny, however, that any new agreement was proposed; rather that the buyers would forego their proposed escrow condition of prior Korean government approval.

9. With regard to the allegations of paragraph 40, counter-defendants admit that they were informed and believed that Defendants had commenced new negotiations as of December 12, 2003; however, Defendants are without information and belief sufficient to admit or deny Counter-claimant's motivation for such negotiations, and therefore deny the same.

10. With regard to the allegations of paragraphs 42 and 43, Counter-defendants admit that they recorded a Notice of Lis Pendens at Department of Land Management, and thereafter caused a copy of the recorded notice to be transmitted to Pacific American Title and Escrow, however, Counter-defendants generally and specifically deny any wrongdoing with respect to either recordation or transmission of said document.

11. With regard to the allegations of paragraph 44, Counter-defendants incorporate by reference their answers to the allegations of paragraphs 30-43 of the counterclaim herein.

12. With regard to the allegations of paragraph 49, Counter-defendants incorporate by reference their answers to the allegations of paragraphs 30-48 of the counterclaim herein.

### Affirmative Defenses

13. The counterclaim fails to state claims upon which relief can be granted.

14. Counter-claimants are not entitled to relief in equity because they have unclean hands, in that Counter-claimant's action in terminating its relationship with Plaintiffs, refusing to complete the agreed transaction and sell the property to Plaintiffs herein were acts done in bad faith, with knowing disregard for Plaintiffs' right to purchase the property as agreed between the parties.

Case 1:03-cv-00043   Document 7   Filed 01/26/2004   Page 3 of 4

15. Plaintiffs' acts in bringing this action, recording the Notice of Lis Pendens, and in transmitting said notice to persons or entities who might have an interest therein, were privileged acts, performed in accordance with Guam law, for a lawful and proper purpose.

Wherefore, counter-defendants herein pray for judgment against counter-claimants as follows:

1. For an order denying and dismissing the counterclaims herein; and
2. That counter-claimants take nothing by their claims;
3. For an award of costs and attorney's fees incurred; and
4. For such other relief as may be just and proper.

Date: January 22, 2004

LAW OFFICE OF ROBERT P. KUTZ

BY: _____
ROBERT P. KUTZ