DUNCAN G. McCULLY, ESQ.
McCULLY & BEGGS, P.C.
Suite 200, 139 Murray Blvd.
Hagatna, Guam 96910
Tel: 671-477-7418
Fax: 671-472-1201
e-mail: mblaw@kuentos.guam.net

Attorneys for Defendant
BTC 97 SP, LLC



# IN THE DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| GUAM TUMON COMPANY, LLC, a Guam limited liability company, JAE SEUNG PARK, an individual, CENTRAL MILLS SUPPLY, LTD., a Korean corporation, MICHAEL LEE, an individual dba Global Realty, <br><br>Plaintiffs,<br><br>v.<br><br>BTC 97 SP, LLC, a Delaware limited liability company, DOES 1-10, real parties in interest,<br><br>Defendants. | CIVIL CASE NO. 03-00043<br><br>SUPPLEMENTAL DECLARATION OF BRUCE P. MORRISON IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

I, Bruce P. Morrison declare and state as follows:

1. With this declaration I wish to clarify the timing and extent of my negotiations with the third party buyer with whom BTC 97 SP, LLC entered into a binding agreement of sale on December 12, 2003.

2. All matters stated herein are based upon personal knowledge and belief and I am so competent to testify if called upon to do so.

3. On November 5, 2003, I received an offer to purchase the New Tumon Village Apartments (the "Property") from the prospective buyers (the "Second Group") with whom a contract of sale was eventually signed on December 12. The offer was for $3,250,000, and was raised on November 10 to $3,500,000. I did not accept the offer, or further attempt to negotiate with the Second Group. The Second Group did not submit another offer.

4. On November 20, 2004, one of the Second Group's principals called me to inquire about Defendant's response to their previous offer. I informed him that Seller was engaged in negotiations with another buyer, and was not in a position to negotiate with them. In fact, Seller did not negotiate with them. Although I did not identify Mr. Park and Mr. Cho, they were the buyers I was referring to.

5. On either November 28 or December 1, 2004, one of the Second Group's principals called and asked if he could meet with me in New York on December 4, 2003. At that time I had seen Mr. Kutz's memorandum of November 28, 2003 (Exhibit 51) requiring the sale to be conditioned upon the approval of the Korean government and allowing the sale to close after December 31, 2003. Because those requirements were unacceptable, I was concerned that Seller might not be able to conclude a purchase agreement with Mr. Park and Mr. Cho. I therefore agreed to meet with the Second Group in New York on December 4, 2003.

6. We held a short meeting in the afternoon of December 4, 2003 at which time I provided the Second Group with a template of the draft purchase agreement, based on the draft we had provided to Mr. Kutz. The parties, the price and the amount of the

deposit had been redacted from the draft.

7. I met with the Second Group again on December 5, 2003. At that time, the Second Group provided me with his final price and his commitment that he could close by the end of calendar 2003.

8. On December 8, 2003, the date on which Seller terminated negotiations with Defendants, I directed Seller's attorney, Andrew Weiner to send to the Second Group a first draft of an agreement of sale based on the template which had been provided to them (which was in turn based on the draft provided to Mr. Kutz), but with the price offered to me on December 5, and with a time of the essence obligation to close in December 2003. On December 12, 2003, the buyer signed the purchase agreement without substantial changes.

9. The Second Group deposited 10% of the purchase price with Pacific American Title & Escrow Company, which was acting as escrow agent for the sale, within a few days of signing the agreement of sale. The Second Group deposited the balance of the purchase price into an account on Guam before December 31, 2003. Because of this lawsuit, the Defendant and the Second Group were unable to close the purchase and sale of the Property before December 31, 2003. The Defendant and the Second Group amended the Agreement of Sale to extend the date for closing. It is our expectation that the sale will close as soon as this lawsuit is resolved or the lis pendens is released.

_____
BRUCE P. MORRISON

Dated: February 4, 2004