FILED
DISTRICT COURT OF GUAM

FEB 13 2004

MARY L. M. MORAN
CLERK OF COURT

25

1  **ROBERT P. KUTZ, ESQ.**
   **LAW OFFICE OF ROBERT P. KUTZ**
2  PO Box 7310, Agat, GU 96915
   Tel.: (671) 789-2500
3  Fax:  (671) 789-2503
   Email: rpklaw@guam.net
4

IN THE DISTRICT COURT OF GUAM
5
TERRITORY OF GUAM
6

7  GUAM TUMON COMPANY, LLC,                    )    **CIVIL CASE NO.  03-00043**
   a Guam limited liability company,           )
8  JAE SEUNG PARK, an individual,              )
   CENTRAL MILLS SUPPLY, LTD.,                 )
9  a Korean Corporation, MICHAEL LEE,          )    **OPPOSITION TO DEFENDANT'S**
   an individual dba Global Realty,            )    **MOTION FOR SUMMARY JUDGMENT.**
10                                             )
       Plaintiffs and Counter-defendants,      )
11                                             )
12             vs.                             )
                                               )
13 BTC97SP, LLC, a Delaware limited liability  )
   company, DOES 1-10, real parties in interest, )
14                                             )
       Defendants and Counter-claimants.       )
15                                             )

16         COMES NOW the undersigned, counsel for Plaintiffs herein, and opposes Defendant's motion

17 for summary judgment and dismissal on the following grounds:

18         1.      Not only is Plaintiffs' suit for specific performance, or, in the alternative, for damages

19 meritorious, but under the facts and law applicable to the case, Plaintiff is entitled to summary

20 judgment in its favor for specific performance of a valid and binding contract for sale of the subject real

21 property; or

22         2.      It is respectfully submitted that factual allegations, declarations, and points and

23 authorities in opposition to Defendant's motion herein are, in all material respects, the same set of

ORIGINAL

objective facts and documents which support Plaintiffs' claim for summary judgment in this matter. Those facts, analysis, and argument are incorporated in Plaintiffs' memorandum of law in support of Plaintiffs' own motion for summary judgement. Therefore, it is respectfully requested that this Court accept as Plaintiffs' memorandum of law in opposition to Defendant's motion, that memorandum of points and authorities so designated in Plaintiffs' cross-motion as the memorandum of law both in support of Plaintiffs' own motion, and in opposition to Defendant's motion.

3. To the extent Defendant moves to dismiss Plaintiffs' third cause of action (breach of contract – Plaintiff Michael S. Lee), Defendant's moving papers have stated no facts or law which would support such motion; and

4. These Defendants and their counsel lack standing to move to dismiss Plaintiffs' fourth cause of action for constructive trust. No evidence has been put forth to indicate that either Defendant BTC 97 or its counsel purport to act for or represent Doe Defendants 1-10. Notwithstanding the inadvertent lack of specificity in the prayer for relief stated in Plaintiffs' complaint herein requesting a constructive trust be imposed upon interests in the property "acquired by any persons other than Plaintiffs", the allegations of Plaintiffs' complaint, paragraphs 38 and 39, clearly identify these constructive trust Defendants as persons other than Defendant BTC, which persons had acquired their interest as a result of any negotiations conducted or concluded from and after November 20, 2003. Clearly, those Defendants are not BTC 97 itself, but rather those persons, as yet unidentified, with whom BTC alleges it has entered into an agreement to purchase the property, as set forth in the declaration of Bruce Morrison in support of Plaintiffs' motions, paragraphs 44-45.

5. It may reasonably be inferred from Morrison's declaration that, since Defendant BTC and the "new buyer" agreed to extend their closing date, and further, that the sale would close as soon as the lawsuit is resolved, the "new buyer", while undoubtedly a percipient witness to matters involved

-2-

| | |
|---|---|
| 1 | in this transaction, must likewise have taken whatever legal or equitable interest it holds subject to the |
| 2 | superior equitable right of the Plaintiffs herein. Presuming, for the moment, that this case is not |
| 3 | resolved by summary judgment in favor of one side or the other, discovery should determine the exact |
| 4 | extent and nature of this "new buyer's" claims. At that time, should it appear reasonably necessary, |
| 5 | those persons or entities may be joined as parties to this suit. In any event, it is entirely inappropriate to |
| 6 | consider dismissing such cause of action at this point. |

6.      Finally, it is submitted that, Plaintiffs herein have asserted valid and lawful claims and causes of action for enforcement of their real estate contract, or, in the alternative, for damages for its breach, which claims call into question the title to the property at issue. Therefore, recordation of Plaintiffs' Notice of Lis Pendens, and delivery of a copy to the title insuror involved in this transaction, is an entirely appropriate and legitimate use of the Lis Pendens statute. Accordingly, unless and until this litigation is resolved, by judgment or settlement of the matter, the Lis Pendens should not be dissolved.

Date:  February 13, 2004

LAW OFFICE OF ROBERT P. KUTZ

By: _____
ROBERT P. KUTZ

-3-